UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

ANDREA MORIN,

                            Plaintiff,

                      -against-

FORDHAM UNIVERSITY, HOWARD ROBINSON, and
MARY ANN FORGEY

                          Defendants.

-------------------------------------------------------------------------x

**VERIFIED
COMPLAINT**

Index No. _____

## INTRODUCTORY STATEMENT

This is an action for equitable relief and monetary damages against defendants Fordham
University., Howard Robinson, and Mary Ann Forgey.

## THE PARTIES

1.     Andrea Morin ("Plaintiff") was, at all times relevant, a citizen of the State of New
York and, at all times relevant, was a student at Fordham University, enrolled in the Fordham
College of Continuing and Professional Studies.

2.     Fordham University ("Defendant University") is and, at all times relevant, was a
private institution of higher learning, licensed and accredited under the laws of the State of New
York.

3.     Howard Robinson ("Defendant Robinson") was, at all times relevant, a tenured
Professor at Fordham University and a full-time member of the faculty of Defendant University's
Graduate School of Social Service.

4.     Upon information and belief, Defendant Robinson is also licensed by New York
State as a Clinical Social Worker and is subject to the rules and regulations of that licensing.

5.      Mary Ann Forgey ("Defendant Forgey") is and, at all times relevant, was, a tenured Professor at Fordham University and a full-time member of the faculty of Defendant University's Graduate School of Social Service.

6.      Upon information and belief, defendant Forgey is also licensed by New York State as a Clinical Social Worker and is subject to the rules and regulations of that licensing.

7.      Defendant University employed, acted through, and is responsible for the actions of the agents and employees described in this Complaint.

## JURISDICTION AND VENUE ALLEGATIONS

8.      This Court has jurisdiction over this action under 20 U.S.C. §1681 *et. seq.*, and 42 U.S.C. §2000e based on federal question and pendent jurisdiction.

9.      Venue is appropriate in this district pursuant to 28 U.S.C §1391.

## FACTUAL ALLEGATIONS

10.      Plaintiff, at all times relevant herein, resided in Westchester County.

a.      Plaintiff began classes at Fordham University in Spring 2007 and left Fordham after Fall 2007, achieving a GPA of 2.93 at The Fordham College of Liberal Studies.

11.      Commencing in the Fall of 2019, Plaintiff was enrolled in the Fordham College of Continuing and Professional Studies, and was accepted in Spring 2020 into the Bachelor of Arts program, in the School of Social Work at Defendant University (hereinafter "BASW").

12.      She has since maintained a grade point average of 3.52 for those credits, with the exception of the single grade that is one subject of this Complaint. Plaintiff has earned a total of 121.5 credits (of the program's required 124 credits) toward her BASW degree.

13.     In the courses of her BASW work from Spring 2019 and prior to the Fall of 2020, Plaintiff had achieved: a) grades of B and above in all graded courses, and b) had passed all "Pass/Fail" programs.

14.     In the Fall 2020 semester, Plaintiff was enrolled at Defendant University in three courses and a Field Work program.

15.     Among the three courses in which Plaintiff was enrolled was "Integrating Human Rights and Justice in Practice" (SOWK 6040)" then taught at Defendant University by Defendant Robinson (hereinafter referred to as "Defendant Robinson's class").

16.     Another of the courses in which Plaintiff was enrolled was the course "Social Work Practice with Individuals Across the Lifespan" (SOWK 6323) then taught at Defendant University by Defendant Forgey (hereinafter referred to as "Defendant Forgey's class").

17.     Defendant Robinson's class was conducted in the Fall 2020 semester by Zoom video conferencing.

18.     All the other courses in which Plaintiff was enrolled in Fall 2020 were conducted by Zoom video conferencing as well.

19.     Prior to September 10, 2020, Defendant Robinson had conducted one class session via Zoom in the Fall 2020 semester.

20.     A regular class session in Defendant Robinson's class was held via Zoom on September 10, 2020.

21.     At the commencement of that class session, Plaintiff informed Defendant Robinson that she did not feel well but would still participate in the class with her Zoom camera off when Plaintiff was unwell.

22.     During the class, everyone except Plaintiff went into a breakout room on Zoom as directed by Defendant Robinson.

23.     After Defendant Robinson sent all the other students to a breakout room, Plaintiff remained in the main zoom session.

24.     During that period, Plaintiff turned away from the screen but then heard noises of a sexual nature in the voice of Defendant Robinson. When Plaintiff turned back to the screen, she then saw Defendant Robinson masturbating on the video. Plaintiff observed Defendant Robinson from above his waist, and observed him for a period of 1.5 minutes, during which time he was shaking, breathing hard, and saying "oh fuck yeah."

25.     Plaintiff recorded the events described in the paragraph above on her cellphone.

26.     During the video but after the events described above, Defendant Robinson walked away, then came back calling Plaintiff by her name, asking "Andrea, are you still there?"

27.     At that point, Defendant Robinson removed Plaintiff from the Zoom video conference.

28.     Immediately following the incident, Plaintiff reached out to Defendant Fordham's agents, at the Counseling and Psychological Services office, to seek advice on reporting the incident with Defendant Robinson.

29.     On September 10, 2020, Plaintiff was told by Counseling and Psychological Services that:

        a.      there was no mechanism for reporting the incident other than going through the Dean; and

4

    b.     if Plaintiff reported the incident (meaning complain about Defendant Robinson's masturbating) . . . "however, I do want to warn you that there will be negative consequences to you from the university if you tell"

30.     Immediately following the incident, that same day, Plaintiff informed her professor for her next class (SOWK 6323) that she was unwell and unable to attend class.

31.     SOWK 6323 was being taught then by Defendant Forgey.

32.     After the SOWK 6323 class ended, on September 10, 2020, Plaintiff informed Defendant University's employee, Dean Steve Albanese, Associate Dean of the School of Professional and Continuing Studies about the incident.

33.     At Dean Albanese's request, Plaintiff then sent Dean Albanese an e-mail with full details and the video.

34.     On September 11, 2020, Defendant University's employee, Kareem Peat from Title IX communicated with Plaintiff via e-mail about the incident.

35.     On September 12, 2020, a Saturday, Defendant Robinson emailed Plaintiff that he was "thinking about her" and asked "how she was feeling."

36.     During Plaintiff's initial communication via Zoom with Mr. Peat on September 14, 2020, he informed Plaintiff that a Title IX investigation could be conducted as to Defendant Robinson, if requested.

37.     On or after September 14, 2020, Plaintiff was informed that Defendant Robinson was placed on leave by his union with a no contact directive.  As a result of that action, Defendant University suspended Defendant Robinson without pay.

38.     On September 18, 2020, Plaintiff signed a Title IX complaint against Defendant Robinson for violating Fordham's prohibition against "Sexual Exploitation and Other Sexual Misconduct-Sexual Exhibitionism"

39.     On or about November 13, 2020, Defendant University's employee, Dean Albanese and others attempted to obtain extensions of time on behalf of Plaintiff to permit her to complete the coursework in the three courses being taken in the Fall 2020 semester.

40.     Those courses were:

    a.     Statistics I (ECON 2140)

    b.     Integrating Human Rights and Justice in Practice (SOWK 6040)--to wit, Defendant Robinson's class; and

    c.     Social Work Practice with Individuals Across the Lifespan (SOWK 6323)--to wit, Defendant Forgey's class.

41.     Defendant Forgey declined to give Plaintiff the time period defined in an "Incomplete" for SOWK 6323.  Instead, Defendant Forgey told Plaintiff that she must complete her course work before the commencement of the Spring 2021 semester.

42.     Upon information and belief, on October 5, 2020, Mr. Peat from Title IX interviewed Defendant Robinson, wherein he denied all of the allegations.

43.     Upon information and belief, as of the October 5 interview, Defendant Robinson was unaware that his actions on September 10, 2020, had been recorded.

44.     In the October 5 interview, Defendant Robinson:

    a.     completely denied the allegations made by Plaintiff;

    b.     described the allegations as retaliatory against him;

    c.     told the investigator that Plaintiff's complaint was "out of reality" and

6

"psychotic;"

       d.      told the investigator that he "didn't have time" to do what Plaintiff alleged because he was supervising the breakout rooms and emailing the PowerPoint to the students; and

       e.      stated he has erectile dysfunction and couldn't have been masturbating.

45.      Upon information and belief, it was only after his October 5, 2020 interview that Defendant Robinson was informed that his actions on September 10, 2020, had been video recorded.

46.      On October 20, 2020, Title IX interviewed Defendant Forgey as part of the Robinson investigation. In her interview, Defendant Forgey:

       a.      said that she had never met Plaintiff in person to that point and only knew her as one would know a student in a Zoom class.

       b.      described Plaintiff as present in class in her September 10 class, at least at the beginning.

       c.      did recall getting an email from Plaintiff asking permission to leave her camera off in Defendant Forgey's class due to health issues.

       d.      said she received the request for accommodations in the class and that Defendant Forgey described Plaintiff as "obviously challenged" by the underlying incident (which she said Plaintiff did not describe to her).

47.      On October 20, 2020, Defendant Forgey stated she did not know Defendant Robinson to then be the subject of the Title IX investigation.

48.      On October 26, 2020, in a second Title IX interview, after viewing the video, Defendant Robinson:

      a.      stated that his behavior in the video was caused by a "very strong urge to urinate" and that such urges are a regular issue for him due to his age and the medication he is taking.

      b.      explained that he was shaking his legs because he needed to urinate;

      c.      explained that his labored breathing was a result of trying to hold in his urine; and

      d.      acknowledged he had the timeline he described on October 5 wrong the first time.

49.      Upon information and belief, Mr. Peat interviewed other professors and students during the Title IX investigation.

50.      On December 23, 2020, the Title IX investigation of Plaintiff's complaint was completed.

51.      During the period September 2020 through February 2021, Plaintiff re-commenced her course work in the three interrupted courses of the Fall 2020 semester.

52.      On January 13, 2021, Professor Forgey gave Plaintiff a failing grade in the SOWK 6323 class, without any in-course counseling, warning, or chance to remedy any purported deficiencies in her work and refused to discuss Plaintiff's course work after failing her.

53.      On January 26, 2021, Plaintiff was informed that Defendant Robinson was terminated from Defendant University, as a result of the Title IX investigation of Plaintiff's complaint.

54.      Defendant Robinson and Defendant Forgey were, as of the Fall of 2020, long-term colleagues on the full-time faculty of Defendant University.

55.     Defendant Robinson and Defendant Forgey were, as of the Fall of 2020, co-contributors to at least one book.

56.     Upon information and belief, Defendant Robinson and Defendant Forgey were, as of the Fall of 2020, friends.

57.     Plaintiff completed the course work for her other "incomplete" courses from Fall 2020 and was graded as follows:

    a.      Statistics I:  Grade of B; and

    b.      Integrating Human Rights and Justice in Practice Grade of B+ (SOWK 6040).

58.     Defendant Forgey's award of a Grade of "F" was the only grade below the level of "B" Plaintiff received while in attendance at Defendant University from Spring forward.

59.     As was and is known to all the defendants and to all Defendant University's agents, any grade Plaintiff received under a "B" would cost Plaintiff her scholarship from the New York State Access-VR program and prevent her from meeting the requirements for advanced placement in the Masters of Social Work program at Defendant University.

60.     As a result of Defendant Forgey's action:

    a.      Plaintiff lost her Access-VR program scholarship;

    b.      Plaintiff did not complete her undergraduate degree program in time to graduate in May 2021;

    c.      said delay in graduation prevented Plaintiff from receiving an increase in her pay at work; and

    d.      Plaintiff was denied advanced placement in the Fall of 2021 into the second year of the Masters of Social Work Program at Defendant University.

61.     After receiving the Grade of "F" from Defendant Forgey, Plaintiff tried without success, to appeal the grade given.

62.     During that appeal process, in February 2021, Plaintiff was told by two of Defendant University's agents--to wit, Dean Debra McPhee and Dean Linda White-Ryan--that Plaintiff's complaints about Defendants Robinson and Defendant Forgey constituted Plaintiff making a negative assessment of Fordham University as an institution.

63.     Defendant University's agents--to wit, Dean Debra McPhee and Dean Linda White-Ryan--further told Plaintiff that "they decided" to allow Plaintiff to take the "Part Two" of SOWK 6323 (meaning SOWK 6324) in the Spring 2021 session and "hope for the best", and explicitly expressed to Plaintiff their opinion that a person "could not" do well in "Part Two" if that student did not do well in "Part One"  (i.e.,SOWK 6323).

64.     In fact, Plaintiff received a B- in SOWK 6324 in the Spring 2021 semester.

65.     Defendant University's agents--to wit, Dean Debra McPhee and Dean Linda White-Ryan.--also falsely told Plaintiff that the Defendant Forgey's course, "Social Work Practice with Individuals Across the Lifespan (SOWK 6323)" was not available in the Summer 2021 session.

66.     In fact, SOWK 6323 was offered at Defendant University in the Summer 2021 session.

67.     Also, in January 2021, one of Defendant University's agents--to wit, Dean White-Ryan--stated in her interview with the Title IX office that Plaintiff's complaint about Defendant Forgey caused Dean White-Ryan to have "grave concerns" about Plaintiff's fitness to be a social worker because Dean White-Ryan considered Plaintiff to be blaming someone else instead of being accountable for herself.

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT CLAIM
### IN VIOLATION OF TITLE IX
### 20 U.S.C. § 1681

68.     Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

69.     Plaintiff was subjected to sexual harassment by Defendant Robinson when he masturbated on the screen of a Zoom call during class.

70.     Plaintiff reported the incident to the Dean and filed a Title IX claim, which put the Defendant University on notice of the incident.

71.     Defendant University had actual knowledge of the incident.

72.     Defendant University is subject to the provisions of 20 U.S.C. § 1681.

73.     Wherefore, Plaintiff seeks equitable and monetary relief.

### SECOND CAUSE OF ACTION

### RETALIATION CLAIM
### IN VIOLATION OF TITLE IX
### 20 U.S.C. § 1681

74.     Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

75.     Plaintiff participated in a protected activity by complaining to the Title IX office about Defendant Robinson's sexual misconduct

76.     Defendant Forgey had knowledge that Plaintiff was engaged in a protected activity, when she was interviewed by Title IX worker, Mr. Peat.

77.     There was an adverse school-related action after Plaintiff filed the Title IX incident report with the Defendant University; to wit, Defendant Forgey's award of a grade of "F" to Plaintiff in SOWK 6323

78.     Defendant University is subject to the provisions of 20 U.S.C. § 1681.

79.     There was a causal connection between the protected activity of filing a Title IX complaint and Plaintiff receiving a failing grade from Defendant Forgey.

80.     Wherefore, Plaintiff seeks equitable and monetary relief.

### THIRD CAUSE OF ACTION

### HOSTILE EDUCATIONAL ENVIRONMENT
### IN VIOLATION OF CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e

81.     Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

82.     Defendants created a hostile educational/work environment through sexual harassment and educational retaliation.

83.     Plaintiff's participation and performance in her coursework was altered by the hostile environment.

84.     Defendants' actions were objectively severe and abusive, so as, to alter the conditions of the Plaintiff's educational environment.

85.     Defendants are subject to the provisions of 42 U.S.C. § 2000e.

86.     Wherefore, Plaintiff seeks equitable and monetary relief.

### FOURTH CAUSE OF ACTION

### CIVIL RIGHTS CLAIM
### IN VIOLATION OF EQUAL PROTECTION RIGHTS
### 42  U.S.C. § 1983

87.     Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

88.     Plaintiff's Equal Protection rights were violated by Defendant Robinson engaging in sexual harassment.

89.     The harassment was sufficiently offensive and humiliating to cause great distress and to interfere with Plaintiff's academic performance.

90.     Defendant Robinson had the authority over his students to perform the duties of his job as Professor.

91.     Defendant Robinson acted under color of state law by abusing his position as Professor and masturbating in front of a student during a Zoom class session.

92.     Defendant Robinson is subject to the provisions of 42 U.S.C. § 1983.

93.     Wherefore, Plaintiff seeks equitable and monetary relief.

## FIFTH CAUSE OF ACTION

### CIVIL RIGHTS CLAIM
### IN VIOLATION OF EQUAL PROTECTION RIGHTS
### 42 U.S.C. § 1983

94.     Plaintiff's Equal Protection rights were violated by Defendant Forgey engaging in retaliation for Plaintiff complaining of co-defendant Robinson's in sexual harassment.

95.     The retaliation was sufficiently offensive and humiliating to cause great distress and to interfere with Plaintiff's academic performance.

96.     Defendant Forgey had the authority over her students to perform the duties of her job as Professor.

97.     Defendant Forgey acted under color of state law by abusing her position as Professor and failing Plaintiff in the course SOWK 6323 without warning or opportunity to remedy the grade.

98.     Defendant Forgey is subject to the provisions of 42 U.S.C. § 1983.

99.     Wherefore, Plaintiff seeks equitable and monetary relief.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### NEW YORK EXECUTIVE LAW § 50

100.    Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

13

101.   Defendant Robinson engaged in extreme and outrageous conduct when he masturbated in a Zoom call with the Plaintiff, while other students were in breakout rooms.

102.   Defendant Robinson had intent to cause, or had a reckless disregard of a substantial probability of causing, severe emotional distress because he masturbated on a Zoom call with his camera and sound on.

103.   There was a causal connection between conduct and injury because the Defendant Robinson's act of masturbating in front of the Plaintiff caused her pain and suffering.

104.   Plaintiff suffered severe emotional distress.

105.   Defendant Robinson is subject to the provisions of N.Y. Executive Law § 50.

106.   Wherefore, Plaintiff seeks equitable and monetary relief.

## SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### NEW YORK EXECUTIVE LAW § 50

107.   Plaintiff hereby repeats and realleges each allegation in the paragraphs above.

108.   Defendant Forgey engaged in extreme and outrageous conduct when she failed Plaintiff in a course, preventing her from graduating on time and leading to a loss of scholarship.

109.   Plaintiff was not given a warning or opportunity to remedy her grade.

110.   There was a causal connection between the conduct and injury because the Defendant's act of failing Plaintiff caused her pain and suffering.

111.   Defendant Forgey is subject to the provisions of N.Y. Executive Law § 50.

112.   Wherefore, Plaintiff seeks equitable and monetary relief.

WHEREFORE, the Plaintiff prays that this Court grant judgment to her containing the following relief:

a.      Equitable relief, as follows:

i.      an expungement of the failing grade in SOWK 6323 from Plaintiff's academic record;

ii.      Admission of the Plaintiff into the Graduate Masters of Social Work program;

iv.      A written apology for the actions of the Defendants;

b.      Compensatory damages for the costs of Plaintiff's lost scholarship;

c.      Compensatory damages in the amount of Plaintiff's pain and suffering;

d.      Compensatory damages in the amount of Plaintiff's costs of tuition and the other costs of the protracted undergraduate education;

e.      An award of punitive damages;

f.      An award of reasonable attorney fees and the cost of this action; and

g.      Such other and further relief as this Court may deem just and proper.

**Jury Demand**

Plaintiff requests trial by jury in this action.

Dated: White Plains New York
       September 21, 2021

ANTHONY J. SIANO, ESQ., PLLC

By: Anthony J. Siano, Esq. (AJS8842)
*Attorney for Plaintiff*
Anthony J. Siano Esq., PLLC
333 Westchester Avenue
Suite S302
White Plains, New York 10604
(914) 997-0100
Fax: 914-997-4179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ANDREA MORIN,

                Plaintiff,

             -against-                       Index No. _____

FORDHAM UNIVERSITY, HOWARD ROBINSON,
MARY ANN FORGEY

                Defendants.

----------------------------------------------------------------------x

## **VERIFICATION**

ANDREA MORIN, under the penalties of perjury, deposes and says:

I am the plaintiff in the above-entitled action.  I have read the foregoing Complaint and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true.

_____
ANDREA MORIN

Sworn to before me this
2\_ day of September 2021

_____
NOTARY PUBLIC
ANTHONY J. SIANO, ESQ.
NOTARY PUBLIC
CERT. #02SI4074105
REG. IN WESTCHESTER COUNTY
EXP. DATE: 7/19/2024

16