IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA MORIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 7:21-cv-07909-NSR |
| v. | ) |
| | ) |
| FORDHAM UNIVERSITY, HOWARD ROBINSON, and MARY ANN FORGEY, | ) **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOWARD ROBINSON'S MOTION TO DISMISS** |
| Defendants. | ) |

## INTRODUCTION

Defendant Howard Robinson, by and through his attorneys, hereby moves this Court for an Order dismissing Plaintiff's Complaint. Robinson is a former Fordham University social work professor whom Plaintiff has alleged sexually harassed her by masturbating during a class he taught over Zoom on September 10, 2020. In reality, what Plaintiff witnessed was Robinson – who did not know he could be seen at the time – attempting to suppress an urgent need to urinate as he tried to finish a course-related task while his students were in Zoom "breakout rooms."[1] This is beside the point, however, because Plaintiff does not plausibly

---

[1] A brief history of this matter will provide the Court with important context in this case. Therefore, Defendant Howard Robinson respectfully requests that this Court take judicial notice of his Article 78 petition, *In the Matter of Howard Robinson v. Fordham Univ.*, Index No. 812584/2021E (N.Y. Sup. Ct. filed Sept. 17, 2021), against Fordham University arising out of this matter. Defendant's Article 78 petition is attached as Exhibit A.

allege any federal claims against Howard Robinson, a private university professor who is not a proper defendant in a Title IX or Title VII claim, or in a federal constitutional claim. This leaves only a state-law claim against Robinson for intentional infliction of emotional distress, over which the Court should not exercise supplemental jurisdiction.

## STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept[ ] all of the complaint's [non-conclusory] factual allegations as true and draw[ ] all reasonable inferences in the plaintiff's favor." *Giunta v. Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020). To satisfy the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citations omitted.)

### I. The Court Must Dismiss Plaintiff's Title IX Claim Against Howard Robinson.

Due to ambiguous drafting, it is unclear whether Plaintiff intended to assert her Title IX claim against Fordham alone or also against Howard Robinson. To the extent this claim includes Howard Robinson, however, this Court must dismiss it,

since this Court and others have repeatedly held that there is no individual liability under Title IX. *See Miotto v. Yonkers Pub. Schs.*, 534 F. Supp. 2d 422, 427 (S.D.N.Y. 2008) ("Given the overwhelming number of cases within the Second Circuit that have held there is no individual liability under Title IX, the number of Court of Appeals decisions applying the same rule, and the Supreme Court's language in *Davis*, we conclude that the individual defendants cannot be held liable under Title IX.") *See also Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005) (holding that plaintiff's Title IX claims against an individual must be "swiftly dispatched … because individuals cannot be liable under Title IX"); *Niles v. Nelson*, 72 F. Supp. 2d 13, 17 (N.D.N.Y. 1999) ("a Title IX claim may not be brought against an individual"); *Torres v. New York Univ.*, 1996 U.S. Dist. LEXIS 356, *2 (S.D.N.Y. Jan. 15, 1996) (holding that there is no individual liability under Title IX).

## II. The Court Must Dismiss Plaintiff's Title VII Claim Against Howard Robinson.

### a. Title VII Prohibits Employment Discrimination and Plaintiff is not an Employee of Defendant Fordham or Defendant Robinson.

Count Three of Plaintiff's Complaint alleges a "hostile educational environment" in violation of 42 U.S.C. § 2000e, *et seq.*, otherwise known as Title VII of the Civil Rights Act of 1964. Plaintiff misapprehends the relevant law in its entirety. Title VII is an employment discrimination statute, but Plaintiff has not alleged that she was an employee of Defendant Fordham University, much less

Defendant Howard Robinson. Plaintiffs are also required to exhaust Title VII claims with the EEOC prior to filing them in federal court, which Plaintiff has not done – likely because this is not actually an employment discrimination claim. Rather, Plaintiff's Complaint states, of her affiliation with Fordham, that "at all times relevant, [she] was a student at Fordham University, enrolled in the Fordham College of Continuing and Professional Studies." (Dkt. No. 1, ¶ 1). Thus, Plaintiff has no basis to bring a Title VII claim against the university or any of its employees. *See, e.g.*, *Pell v. Trustees of Columbia Univ.*, 1998 U.S. Dist. LEXIS 407, *29 (S.D.N.Y. Jan. 15, 1998) (dismissing student's Title VII claim "because plaintiff was a student at Columbia University, not an employee, there exists no employer-employee relationship.")

### b. Individual Employees May Not Be Liable Under Title VII.

The Second Circuit has also held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995). *See also Santiago v. Axis Specialty U.S. Servs.*, 2021 U.S. Dist. LEXIS 28598, *37 (S.D.N.Y. Feb. 16, 2021) ("There is no individual liability under Title VII.") Therefore, even if, hypothetically speaking, Plaintiff was employed by Fordham and simply failed to plead it in her Complaint, and even if, hypothetically speaking, Plaintiff had exhausted her remedies with the EEOC prior to filing this lawsuit, her Title VII claim against Howard Robinson would still have to be dismissed.

### III. The Court Must Dismiss Plaintiff's Equal Protection Claim Against Howard Robinson

Plaintiff further alleges that Howard Robinson, a professor at a private university, "acted under color of state law" when he allegedly masturbated in front of her during a Zoom class, thus violating her rights under the Equal Protection clause. (Dkt. No. 1, ¶ 91). However, "[n]either private universities nor their employees are 'state actors' for the purpose of constitutional claims," *Mitchell v. New York Univ.*, 129 A.D.3d 542, 544 (N.Y. App. Div. 2015). Rather, "a viable § 1983 claim against a private actor 'must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Siyu Yang v. Ardizzone*, 2021 U.S. Dist. LEXIS 95090, *15 (W.D.N.Y. May 19, 2021) (quoting *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014)). Plaintiff's Complaint does not allege that any state actors were even tangentially involved in the instant matter, let alone that Howard Robinson "acted in concert with the state actor to commit an unconstitutional act," as required to impute state action to a private individual. *Betts v. Shearman*, 751 F.3d at 84. Therefore, Plaintiff's Equal Protection claim against Howard Robinson must be dismissed.

### IV. The Court Should Not Exercise Jurisdiction Over Plaintiff's State-Law Claims

In addition to the federal claims discussed above, Plaintiff asserts a state-law claim against Howard Robinson for alleged intentional infliction of emotional distress. Given that none of Plaintiff's federal claims against Howard Robinson are

viable, the Court should dismiss this claim as well. *See Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where … the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"). *See also Mhina v. Van Doren,* 2016 U.S. Dist. LEXIS 131146, *10 (N.D.N.Y. Sept. 26, 2016) ("Even where federal claims against other defendants remain, courts have declined to exercise supplemental jurisdiction over state law claims against defendants for whom all federal claims have been dismissed.")

## CONCLUSION

For the reasons above, Defendant Howard Robinson requests that the Court grant his motion and dismiss all of Plaintiff's claims against him.

DATED: November 5, 2021

_____
Julie A. Nociolo, Esq.
E. Stewart Jones Hacker Murphy LLP
SDNY Bar Roll No. JN5887
Samantha K. Harris, Esq.
Allen Harris PLLC
*Pro Hac Vice Application Forthcoming*
*Attorneys for Defendant Howard Robinson*