USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREA MORIN,

                        Plaintiff,

   -against-

FORDHAM UNIVERSITY

                        Defendant.

No. 21 Civ. 7909 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Andrea Morin ("Plaintiff") commenced the instant action on or about September 22, 2021. (ECF Nos. 1, 8.) By order dated November 22, 2021, this Court waived the pre-motion conference for all Defendants and directed all Defendants to file a joint motion to dismiss. (ECF No. 40.)

On November 24, 2021, Defendant Fordham University and Defendant Forgey submitted a joint letter requesting leave to file a separate motion to dismiss from that of Defendant Robinson. (ECF No. 41.) By same-day memorandum endorsement, this Court granted this application and directed Defendant Fordham University and Defendant Forgey to serve and file a collective motion to dismiss, whereas Defendant Robinson was to serve and file a separate, individual motion to dismiss. (ECF No. 42.)

The Court granted in part, and denied in part, Defendants' motion to dismiss (ECF No. 55). Specifically, the Court dismissed the following claims without prejudice: (1) Title IX sexual harassment against Defendant Fordham University; (2) Title VII hostile environment against Defendant Fordham University; (3) IIED against Defendant Robinson; (4) Section 1983 against

1

Defendant Robinson; (5) IIED against Defendant Forgey; (6) Section 1983 against Defendant Forgey. (ECF No. 55.) The Court also ordered that Plaintiff had until October 28, 2022 to file an amended complaint and noted that in the event Plaintiff failed to timely file an amended complaint, the original complaint would remain the operative complaint and those claims dismissed without prejudice would be deemed dismissed with prejudice. (*Id.*)

On October 28, 2022, the Court granted Plaintiff's request to file an amended complaint by December 2, 2022. Plaintiff, however, failed to file an amended complaint by December 2, 2022 and, on December 22, 2023, Defendant Fordham filed a Verified Answer. (ECF No. 58.) Therefore, on March 7, 2023, the Court dismissed Plaintiff's claims with prejudice that were formerly dismissed without prejudice as well as directed the parties to submit a joint Proposed Case Management Plan and Scheduling Order ("CMP") by March 28, 2023. (ECF Nos. 59 and 60.)

However, after multiple extensions of the CMP deadline, Anthony J. Siano filed what the Court construed as a notice of motion to withdraw as attorney for Plaintiff. (ECF No. 68.) Although the Court set a briefing schedule for Mr. Siano's motion, Plaintiff failed to respond per the Court's instructions. (ECF No. 71.) As a result, on May 10, 2023, the Court granted Mr. Siano's motion to withdraw as attorney for Plaintiff and directed him to serve a copy of the Court's order on Plaintiff as well as file proof of service on ECF. (ECF No. 75.) Proof of service was filed that same day. (ECF No. 76.)

As part of its May 10, 2023 order, the Court also stayed this action for 30 days and directed Plaintiff to file a Notice of *Pro Se* Appearance, should she not obtain new counsel, by June 9, 2023. (ECF No. 75.) As of the date of this Order, no attorney for Plaintiff has filed a Notice of Appearance and Plaintiff has failed to file a Notice of *Pro Se* Appearance on her own behalf.

"Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. *Id.* (internal quotation marks omitted).

Here, Plaintiff's failure to prosecute this action has resulted in the Court staying the present action, therein impeding the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before September 15, 2023 why this action should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's present order will result in dismissal of this case for want of prosecution. Defendant Fordham University is directed to mail a copy of this Order to Plaintiff at Plaintiff's last known address (i.e., Ms. Andrea Morin, 11 Island Heights Circle, Stamford, CT 06902) and to file proof of service on the docket.

Dated: August 2, 2023
      White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE